**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ADRIAN BEAU BASS**                                              **PLAINTIFF**

**V.**                                **NO. 4:25-CV-00421 BSM-JTK**

**COMMISSIONER of**
**SOCIAL SECURITY ADMINISTRATION**                    **DEFENDANT**

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I. Introduction:**

On April 9, 2019, Adrian Beau Bass ("Bass"), applied for disability and supplemental security income benefits. (Tr. at 10, 203-212). In the applications, he alleged that his disability began on January 1, 2015.[1] *Id*. The applications were

---

[1] Bass subsequently amended his alleged onset date to January 1, 2018. (Tr. at 1851).

denied initially and upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Bass was not disabled. (Tr. at 10-23). The Appeals Council declined to review the ALJ's decision. (Tr. at 1-6).

Bass sought review in this Court, and on June 21, 2022, Magistrate Judge Patricia Harris recommended that the Commissioner's decision be reversed and remanded, for further consideration of mental impairments. (Tr. 1943-1951). District Judge James M. Moody, Jr. approved and adopted the recommendation. (Tr. at 1942, 1952). The Appeals Council sent the case back for further administrative action. (Tr. at 1953-1955).

A second hearing was held before an ALJ, and on May 3, 2023, the ALJ again found that Bass was not disabled. (Tr. at 1848-1870). The Appeals Council declined to review the appeal and therefore, the ALJ's decision now stands as the final decision of the Commissioner. Bass has requested judicial review.

For the reasons stated below, this Court should reverse the ALJ's decision denying benefits.

## II.   The Commissioner's Decision:

The ALJ found that Bass has not engaged in substantial gainful activity since the amended alleged onset date of January 1, 2018.[2]  (Tr. at1853). At Step Two, the

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed

ALJ found that Bass has the following severe impairments: seizure disorder, asymptomatic HIV, status post ORIF for a fracture to the right humerus with hardware removal and manipulation, arthrofibrosis of the right shoulder, thrombophlebitis of the left cephalic vein, degenerative disc disease of the cervical and lumbar spine, right carpal tunnel syndrome, right long and ring finger trigger release, left lateral epicondylitis, left thumb trigger finger and thumb, complex regional pain syndrome, left hand, left long and ring finger tendon repair, neuropathy, anxiety, depression, and post-traumatic stress disorder. (Tr. at 1853-1854).

At Step Three, the ALJ found that Bass's severe impairments did not meet or equal a listed impairment.[3]  (Tr. at 1854-1857). Next, the ALJ determined that Bass had the residual functional capacity ("RFC") to perform work at the light exertional level, with additional restrictions: (1) no more than occasional reaching overhead to the left and occasional reaching overhead to the right; (2) no more than frequent bilateral handling and fingering; (3) no more than occasional climbing of ramps and

---

impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

[3] 20 C.F.R. Part 404, Subpt. P, Appendix 1, "Adult Listing of Impairments."

stairs; (4) never climb ladders, ropers, or scaffolds; (5) no more than occasional stooping, kneeling, and crouching: (6) never work at unprotected heights, open bodies of water, or open flames; (7) avoid all use of moving mechanical parts and can never operate a motor vehicle or use a firearm as work duty; (8) avoid concentrated exposure to excessive vibration and temperatures both hot and cold; (9) can use judgment to make simple, work-relate decisions; (10) can maintain concentration, persistence, and pace for simple tasks; (11) can understand, carry out, and remember simple work instructions and procedures; (12) can adapt to changes in the work setting that are simple, predictable, and can be easily explained; and (13) can have occasional interaction with coworkers, supervisors, and the public. (Tr. at 1857).

At Step Four, the ALJ found that Bass was unable to perform any of his past relevant work. (Tr. at 1861-1863). At Step Five, based on testimony from a Vocational Expert ("VE"), the ALJ determined that, based on his RFC, age, education, and work experience, there are jobs that Bass can perform in the national economy. Id. Therefore, the ALJ concluded that Bass was not disabled. *Id*.

## III.   <u>Discussion</u>:

### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's

decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

B.    Bass's Arguments on Appeal

Bass contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. Specifically, he argues that the ALJ did not properly consider or discuss his subjective complaints. The Court finds cause for a narrow reversal and limits its discussion thereto.[4]

Bass suffered from multiple musculoskeletal impairments that required considerable treatment including surgeries, physical therapy, injections, and ganglion blocks. However, the ALJ found that Bass's subjective complaints of pain were inconsistent with the record evidence.[5] In doing so, the ALJ discussed only a portion of Bass's treatment. Bass rightly points out that the ALJ omitted discussion of: (1) 2018 right long finger A1 pulley release; (2) a series of three stellate ganglion blocks in 2018; (3) lumbar puncture in 2018; (4) further series of three right-sided stellate ganglion blocks in 2019; (5) right ring finger A1 pulley release in 2020; (6)

---

[4] *See Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

[5] When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (internal citations omitted).

further series of ganglion blocks in 2020; and (6) steroid injections in 2023 to treat trigger finger. (Tr. at 404-405, 609-612, 864-868, 1378-1380, 1519-1523, 2122). The Court cannot discern whether the ALJ considered this treatment, which could have likely changed his findings on the medical source opinion issued in October 2020.[6] Dr. Carlos Ramon, M.D., issued that opinion, and he found Bass could perform less than sedentary work; the ALJ found this opinion not persuasive.[7] (Tr. at 1565-1567, 1860). Dr. Ramon specifically referenced the ganglion blocks he performed, and as discussed above, the ALJ did not mention that treatment. It matters that the ALJ omitted treatment that was the focus of the medical opinion limiting Bass to less than sedentary work.

An ALJ is required to discuss the relevant medical evidence when evaluating subjective complaints.[8] The ALJ here did not discuss all of the relevant medical evidence, omitting multiple treatment regimens, and for that reason, reversal is required.[9]

---

[6] An ALJ must "show his work" to allow for meaningful judicial review. *Smajic v. Berryhill*, 2019 U.S. Dist. LEXIS 6240 *11-12 (W.D. Mo. Jan. 14, 2019).

[7] The ALJ explained that he found the opinion unpersuasive because it was on a checkbox form and Bass's examinations were generally normal (the records demonstrated otherwise). (Tr. at 185-186).

[8] *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984).

[9] The Court also finds merit to Bass's argument that the ALJ did not fully discuss the extent of

## IV.   <u>Conclusion</u>:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ omitted from his discussion relevant medical evidence.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further administrative review.

DATED this 5th day of February, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

Bass's pain, omitting multiple references to Bass's minimum 8 out of 10 pain at various pain management appointments in 2018 and 2020. (Tr. at 857-888, 936-948, 1023-1079).